| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: _____ District of **Delaware** (State) |
| Case number (*If known*): _____ Chapter **11** |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Pipeline Foods, LLC

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  
   8 1 – 5 1 3 5 0 7 0

4. **Debtor's address**

   **Principal place of business**  
   6499   University Avenue NE  
   Number   Street  
   Suite 200  
   Fridley   MN   55432  
   City   State   ZIP Code  
   
   Anoka  
   County

   **Mailing address, if different from principal place of business**  
   _____  
   Number   Street  
   _____  
   P.O. Box  
   _____  
   City   State   ZIP Code  
   
   **Location of principal assets, if different from principal place of business**  
   _____  
   Number   Street  
   _____  
   _____  
   City   State   ZIP Code

5. **Debtor's website (URL)**  
   https://www.pipelinefoods.com/

Debtor  Pipeline Foods, LLC _____   Case number (*if known*)_____
           Name

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   4  2  4  5

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor **Pipeline Foods, LLC**　　　　　　　　　　　　　　　　　　　　　　Case number (*if known*)＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　Name

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**  If more than 2 cases, attach a separate list. | ☒ No  ☐ Yes.　District ＿＿＿＿＿＿＿＿　When ＿＿＿＿＿＿ (MM/DD/YYYY)　Case number ＿＿＿＿＿＿＿＿  　　　　District ＿＿＿＿＿＿＿＿　When ＿＿＿＿＿＿ (MM/DD/YYYY)　Case number ＿＿＿＿＿＿＿＿ |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**  List all cases. If more than 1, attach a separate list. | ☐ No  ☒ Yes.　Debtor　See attached Schedule #1.　Relationship ＿＿＿＿＿＿＿＿＿  　　　　District ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　When ＿＿＿＿＿＿ (MM/DD/YYYY)  　　　　Case number, if known ＿＿＿＿＿＿＿＿＿＿ |
| **11.** | **Why is the case filed in *this district*?** | Check all that apply:  ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.  ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No  ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.  **Why does the property need immediate attention?** (*Check all that apply.*)  ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.  　　What is the hazard? ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿  ☐ It needs to be physically secured or protected from the weather.  ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).  ☐ Other ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿  **Where is the property?** ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿  　　　　　　　　　　　　　　Number　Street  　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿  　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　＿＿＿＿　＿＿＿＿＿  　　　　　　　　　　　　　　City　　　　　　　　　　　State ZIP Code  **Is the property insured?**  ☐ No  ☐ Yes. Insurance agency ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿  　　　　Contact name　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿  　　　　Phone　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ |

### Statistical and administrative information

| Debtor | Pipeline Foods, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/08/2021
MM / DD / YYYY

✗ /s/ Winston Mar                                    Winston Mar
Signature of authorized representative of debtor    Printed name

Title  Chief Restructuring Officer

Debtor  Pipeline Foods, LLC
      Name

Case number (if known) _____

**18. Signature of attorney**

✗ /s/ Mark Minuti
Signature of attorney for debtor

Date 07/08/2021
MM / DD / YYYY

Mark Minuti, Esq.
Printed name

Saul Ewing Arnstein & Lehr LLP
Firm name

1201     North Market Street, Suite 2300
Number     Street

Wilmington     DE     19801
City     State     ZIP Code

(302) 421-6800     mark.minuti@saul.com
Contact phone     Email address

2659     DE
Bar number     State

# FORM 201. VOLUNTARY PETITION – Schedule I

## Bankruptcy Cases Being Filed or Which May Be Filed by an Affiliate

| **Debtors** | **District** | **Relationship** |
|---|---|---|
| Pipeline Holdings, LLC | DE | Parent |
| Pipeline Foods Real Estate Holding Company, LLC | DE | Affiliate |
| Pipeline Foods, ULC | DE | Subsidiary |
| Pipeline Foods Southern Cone S.R.L. | DE | Affiliate |
| Pipeline Foods II, LLC | DE | Subsidiary |

## WRITTEN ACTION OF THE
## BOARD OF MANAGERS OF PIPELINE HOLDINGS, LLC

The undersigned, being the members of the Board of Managers (the "**Board**") of Pipeline Holdings, LLC, a Delaware limited liability company ("**Holdings**"), hereby take the following actions pursuant to Chapter 18 of the Delaware Statutes, the Ninth Amended and Restated Operating Agreement of Holdings, dated August 31, 2020 (the "**Operating Agreement**"), and otherwise pursuant to applicable law, to be effective as of July 6, 2021:

**WHEREAS**, Pipeline Foods, LLC, a Delaware limited liability company ("**Foods**"), is a wholly-owned subsidiary of Holdings;

**WHEREAS**, Pipeline Foods II, LLC, a Delaware limited liability company ("**Foods II**") and Pipeline Foods Real Estate Holding Company, LLC, a Delaware limited liability company ("**Pipeline Real Estate**") are each wholly-owned subsidiaries of Foods;

**WHEREAS**, Pipeline Foods, ULC, a Canadian entity ("**Pipeline Canada**"), is a wholly-owned subsidiary of Foods;

**WHEREAS**, Holdings, Foods, and Foods II directly or indirectly own and/or control a majority of the equity interests in Pipeline Foods Southern Cone S.R.L., an Argentinian entity ("**Pipeline Argentina**," and collectively with Holdings, Foods, Foods II, Pipeline Real Estate, and Pipeline Canada, the "**Pipeline Entities**" or the "**Company**") and the Board of Holdings may authorize and approve corporate actions on Pipeline Argentina's behalf.

### AUTHORIZATION TO FILE VOLUNTARY PETITIONS UNDER CHAPTER 11

**WHEREAS**, the Board has reviewed the Company's financial records, has considered the Company's business and financial condition, and is aware of the Company's assets, liabilities, potential liabilities and liquidity; and has had the opportunity to consult with the Company's management and advisors and fully considered all of the Company's strategic alternatives; and

**WHEREAS**, as a result of the Company's current financial situation, it appears that it may be necessary for one or more of the Pipeline Entities to file for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined in its judgment that it may be desirable and in the best interests of the Company, its creditors and other interested parties to commence a case under chapter 11 of the Bankruptcy Code (each a "**Chapter 11 Case**" and collectively, the "**Chapter 11 Cases**"); and

**FURTHER RESOLVED**, that the Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, or any other duly appointed officer of the Pipeline Entities (each individually an "**Authorized Officer**" and collectively the "**Authorized Officers**"), alone or with one or more other Authorized Officers be, and hereby are, authorized and empowered to execute and file on behalf of each of the Pipeline Entities all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence a Chapter 11

Case, and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case; and

## RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that the law firm of Saul Ewing Arnstein & Lehr LLP ("**SEA&L**") is hereby engaged as general and special bankruptcy counsel for the Company and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain SEA&L in accordance with applicable law; and

**FURTHER RESOLVED**, that the law firm of Bryan Cave Leighton Paisner LLP ("**BCLP**") is hereby engaged as counsel for the Board and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and, if necessary, to cause to be filed an appropriate motion for authority to pay BCLP in accordance with applicable law; and

**FURTHER RESOLVED**, that pursuant to the terms of that certain letter agreement, between Foods and SierraConstellation Partners, LLC ("**SCP**"), dated April 14, 2021 (the "**SCP Engagement Agreement**"), Winston Mar shall hereinafter be regarded and treated in all respects as Chief Restructuring Officer of the Company; and

**FURTHER RESOLVED**, the Company's engagement of SCP as its financial advisor pursuant to the terms of the SCP Engagement Agreement is hereby ratified, confirmed and approved in all respects and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain SCP in accordance with applicable law; and

**FURTHER RESOLVED**, that the firm of Stretto is hereby engaged as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Stretto in accordance with applicable law; and

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered to, in the name and on behalf of the Company, with the written approval of the Board with respect to legal professionals, to retain or continue to employ such other professionals as they deem necessary, proper or desirable during the course of the Bankruptcy, subject to any requisite Bankruptcy Court approval; and

## CASH COLLATERAL AND ADEQUATE PROTECTION

**FURTHER RESOLVED**, that the Company will obtain benefits from the continued use of collateral, including cash collateral, as the term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for certain of the Company's prepetition lenders (collectively, the "**Lenders**"); and

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Lenders (the "**Adequate Protection Obligations**"), as documented in a proposed order in interim and final form (the "**Cash Collateral Order**"), and submitted for approval to the Bankruptcy Court; and

**FURTHER RESOLVED**, that the form, terms, and provisions of the Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including any security and pledge agreement or guaranty agreement (collectively with the Cash Collateral Order, the "**Cash Collateral Documents**"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Officer or Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by the execution and delivery thereof by such Authorized Officer(s); and

**FURTHER RESOLVED**, that the Company, as debtors and debtors in possession under the Bankruptcy Code, be, and each of them hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "**Cash Collateral Transactions**"), including granting liens on their assets to secure such obligations.

## GENERAL AUTHORIZATIONS

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers or their designees shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay

all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, that the Company and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects ratified and approved; and

**FURTHER RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent; and

**FURTHER RESOLVED**, that these resolutions shall be filed with the records of the Company.

*[Signature Page Follows.]*

**IN WITNESS WHEREOF**, the undersigned have executed this Written Action to be effective as of the date first above written.

**BOARD MEMBERS**

_____
By: Craig Tashjian


_____
By: Bradley Dietz
     Independent Manager


_____
By: Eric Jackson


[*Signature Page to Written Action*]

**IN WITNESS WHEREOF**, the undersigned have executed this Written Action to be effective as of the date first above written.

**BOARD MEMBERS**

By: Craig Tashjian

By: Bradley Dietz
Independent Manager

By: Eric Jackson

*[Signature Page to Written Action]*

**IN WITNESS WHEREOF**, the undersigned have executed this Written Action to be effective as of the date first above written.

**BOARD MEMBERS**

_____
By:  Craig Tashjian

_____
By:  Bradley Dietz
       Independent Manager

_____
By:  Eric Jackson

[*Signature Page to Written Action*]

**Fill in this information to identify the case:**

Debtor name: Pipeline Foods, LLC, et al

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                          12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | **Simmons Feed & Supply LLC, dba Simmons Grains Co.**<br>600 Snyder Road<br>Salem, OH 44460 | Eric Simmons<br>P: 800-754-1228<br>eric@simmonsgrain.com | Customer Advance | | | | $5,210,571.43 |
| 2 | **Agri Exim DMCC**<br>Unit N: 2503, 1 Lake Plaza<br>Plot No: JLT-PH2-T2A<br>Jumeirah Lakes Towers, UAE 00000<br>Dubai | Suraj Sharma<br>P: 971 0- 44322835<br>suraj.sharma@agrieximfze.com | Trade Debt | | | | $2,646,082.92 |
| 3 | **Wolf, Jim**<br>49080 270th St<br>Jeffers, MN 56145 | Dean Zimmerli<br>P: 507- 354-3111<br>dzimmerli@gislason.com | Note Payable | Disputed | | | $2,222,027.18 |
| 4 | **Crystal Valley Farms LLC DBA Miller Poultry LLC**<br>3945 N State 327<br>Orland, IN 467776 | Cheri Bovee<br>P: 260-829-6550<br>cherib@millerpoultry.com | Customer Advance | | | | $1,714,910.73 |
| 5 | **Pederson, Earl**<br>3077 County Hwy 42<br>Bejou, MN 56516 | Earl Pederson<br>P: 218-790-4112<br>pederbro@gvtel.com | Trade Debt | | | | $1,527,589.66 |
| 6 | **Brushvale Seed Inc.**<br>1656 280th St<br>Breckenridge, MN 56520 | Jon Miller<br>P: 218- 643-2311<br>seed@brushvaleseed.com | Trade Debt | | | | $1,050,412.22 |
| 7 | **Ecopure Specialities Limited**<br>Unit No 134 First Floor Rectangle 1<br>Sakey<br>New Delhi, DE 110017<br>India | Anu Sharma<br>P: 91-124-3055100<br>anu.sharma@ltgroup.in | Trade Debt | | | | $882,411.40 |
| 8 | **Organic Farmers Michigan**<br>5095 Argyle Rd<br>Decker, MI 48426 | Stacey Steely<br>P: 810- 404-9347<br>stacey@organicfarmersofmichigan.com | Note Payable | | | | $872,892.57 |

Debtor    Pipeline Foods, LLC, et al
          _____
          Name

Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Organic Ventures, Inc.**<br>W26001 Volds Ln<br>Arcadia, WI 54612 | Rick Halverson<br>P: 608-687-9580<br>rhalverson@pipelinefoods.com | Trade Debt | | | | $675,885.29 |
| 10 | **LSM Commodities Ltd.**<br>203 3550 Taylor St<br>Saskatoon, SK S7H 5H9<br>Canada | Lynn McMillan<br>P: 306-933-0555<br>lynn@lsmcommodities.com | Trade Debt | | | | $548,431.66 |
| 11 | **Dahl Trucking**<br>9240 HWY 1<br>South Langdon, ND 58249 | Aaron Dahl<br>P: 701-256-0294<br>aaron@dahltrk.com | Trade Debt | | | | $473,952.62 |
| 12 | **Richland Grain LLC & State Bank of New Richland**<br>112 3rd St. NE PO BOX 235<br>New Richland, MN 56072 | Ann Hagen<br>P: 507-465-8118<br>ahagen@sbnr.biz | Trade Debt | | | | $414,695.12 |
| 13 | **BNSF Railway Company**<br>3110 Solutions Center<br>Chicago, IL 60677 | | Trade Debt | | | | $396,515.49 |
| 14 | **Hemingway, Brant**<br>78346 310th St.<br>Ellendale, MN 56026 | Brant Hemingway<br>P: 507-402-2212<br>branthemingway@gmail.com | Trade Debt | | | | $356,220.06 |
| 15 | **Yantai Shuangta Food Co., LTD**<br>#668 Jincheng Road<br>Zhaoyuan City<br>Shandong Province, 265400<br>China | Matthew Ji<br>P: 86-0535-2433587<br>matthew@orientalprotein.com | Customer Advance | | | | $355,069.86 |
| 16 | **Spot Freight**<br>141 South Meridian St<br>Suite 200<br>Indianapolis, IN 46225 | Brittani Reaves<br>P: 317-275-8586<br>breaves@spotinc.com | Trade Debt | | | | $345,700.00 |
| 17 | **Herbst Farms**<br>63993 260th Ave<br>Kasson, MN 55944 | Cynthia Herbst<br>P: 507-951-2274<br>bherbst@kmtel.com | Trade Debt | | | | $338,597.92 |
| 18 | **Kevin Motl & Farmers and Merchants State Bank of Blooming Prairie**<br>12722 64th Ave S.E.<br>Blooming Prairie, MN 55917 | Kevin Motl<br>P: 507-583-2379<br>fmbank@citlink.net | Trade Debt | | | | $250,087.89 |
| 19 | **Gavilon Grain LLC**<br>1331 Capitol Ave<br>Omaha, NE 681025022 | Mike Rennau<br>P: 308-385-3730<br>mike.rennau@gavilon.com | Trade Debt | | | | $243,392.51 |
| 20 | **Chaplin Grain LLC**<br>322 4th Ave.<br>Chaplin, SK S0H 0V0<br>Canada | Angie Gerbrandt<br>P: 306-395-2522<br>Chaplingrain.angie@sasktel.net | Trade Debt | | | | $238,216.82 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| PIPELINE FOODS, LLC, *et al.*,[1] | ) Case No. 21-_____ (____) |
| Debtors. | ) (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Pipeline Foods, LLC and certain of its affiliates, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1. Debtor Pipeline Holdings, LLC is owned by non-debtors: AMERRA PF Holdings, LLC (97.5%), Pipeline Opportunity Partners, LLC (1.3%), OV Holdings, LLC (0.7%), SISJAS LLC (0.3%), and Moore Lake Equity Partners, LLC (0.2%).

2. Debtor Pipeline Foods, LLC is 100% owned by Debtor Pipeline Holdings, LLC.

3. Debtor Pipeline Foods Real Estate Holding Company, LLC is 100% owned by Debtor Pipeline Foods, LLC.

4. Debtor Pipeline Foods, ULC is 100% owned by Pipeline Foods, LLC.

5. Debtor Pipeline Foods II, LLC is 100% owned by Pipeline Foods, LLC.

6. Debtor Pipeline Foods Southern Cone S.R.L. is owned by Pipeline Foods, LLC, (99.5% ) and Pipeline Foods II, LLC (0.5%).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Pipeline Foods, LLC (5070); Pipeline Holdings, LLC (5754); Pipeline Foods Real Estate Holding Company, LLC (7057); Pipeline Foods, ULC (3762); Pipeline Foods Southern Cone S.R.L. (5978); and Pipeline Foods II, LLC (9653). The Debtors' mailing address is 6499 University Avenue NE, Suite 200, Fridley, MN 55432.

**Fill in this information to identify the case and this filing:**

Debtor Name __**Pipeline Foods, LLC, et al.**_____

United States Bankruptcy Court for the: _____ District of __**Delaware**__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration __**Combined Statement of Corporate Ownership and List of Equity Security Holders**__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/08/2021__         ✗ __/s/ Winston Mar_____
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

**Winston Mar**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors