**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PIPELINE FOODS, LLC, *et al.*,[1] | Case No. 21-11002 (KBO) |
| Debtors. | Jointly Administered |
| | Proposed Hearing Date: On or before August 2, 2021 |
| | Proposed Objection Deadline: Two business day prior to the Hearing |

**MOTION OF THE DEBTORS FOR EXPEDITED CONSIDERATION OF MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER UNDER 11 U.S.C. § 363(b) AND RULE 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE DEBTORS TO SELL THEIR COMMODITIES INVENTORY BY PRIVATE SALES OUTSIDE THE ORDINARY COURSE OF BUSINESS**

Pipeline Foods, LLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), having filed contemporaneously the *Motion of the Debtors for Entry of an Order under 11 U.S.C. §363(b) and Rule 6004 of the Federal Rules of Bankruptcy Procedure Authorizing the Debtors to Sell their Commodities Inventory By Private Sales Outside the Ordinary Course of Business* (the "**Inventory Sale Motion**"),[2] respectfully submit this motion (the "**Motion for Expedited Consideration**"), pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Pipeline Foods, LLC (5070); Pipeline Holdings, LLC (5754); Pipeline Foods Real Estate Holding Company, LLC (7057); Pipeline Foods, ULC (3762); Pipeline Foods Southern Cone S.R.L. (5978); and Pipeline Foods II, LLC (9653). The Debtors' mailing address is 6499 University Avenue NE, Suite 200, Fridley, MN 55432.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motions.

38739709.7 07/20/2021

**Rules**"), for entry of an order shortening the time for notice of the hearing to consider the Inventory Sale Motion so that the Motion may be considered by the Court at a hearing scheduled for no later than August 2, 2021 (the "**Hearing**"), with any objections to the Inventory Sale Motion to be filed by July 28, 2021 at 4:00 p.m. (Eastern Time) or otherwise two (2) business days prior to the Hearing (together, the "**Proposed Objection Deadline**").  In support of this Motion for Expedited Consideration, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion for Expedited Consideration under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e).

## BACKGROUND

3. On July 8, 2021 and July 12, 2021 (collectively, the "**Petition Dates**"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated at this time.

4. The reasons for the Debtors' commencing the Chapter 11 Cases, information relating to the Debtors' business operations and the facts and circumstances supporting the Inventory Sale Motion are set forth in the *Omnibus Declaration of Winston Mar in Support of Debtors' Initial Emergency First Day Motions and Related Relief* [Docket No. 6] and in the

*Declaration of Winston Mar in Support of Debtors' Motion to Sell Inventory Outside of the Ordinary Course of Business.*

5.  As detailed in the Inventory Sale Motion, prior to the Petition Date, in the ordinary course of business, the Debtors (a) purchased commodities consisting of cereals, grains, pulses, and oilseed commodities stored in bulk dry storage, and further processed co-products of bulk dry stored grains and oilseeds in bulk packaging, and other agricultural by-products (the "**Commodities**") from various suppliers under purchase contracts; and (b) sold the Commodities to various purchasers under sale contracts (each a "**Sale Contract**" and collectively, the "**Sale Contracts**").

6.  The Debtors are in the process of reviewing the Sale Contracts. To the extent that a Sale Contract is profitable (i.e. the Debtors will receive more money under the Sale Contract than from a sale to another entity), the Debtors may choose to fulfill the contract from its current inventory of Commodities (the "**Inventory**"). To the extent that the Inventory is *not* needed to fulfill a profitable contract, however, the Debtors seek, by the Inventory Sale Motion, to sell such Inventory to third parties (the "**Inventory Sales**").

## RELIEF REQUESTED

7.  By this Motion for Expedited Consideration, the Debtors respectfully request the entry of an order, shortening notice of the hearing to consider the Inventory Sale Motion so that the Inventory Sale Motion can be considered at the Hearing, with any objections to the Inventory Sale Motion to be filed by the Proposed Objection Deadline.

## BASIS FOR RELIEF REQUESTED

8.  Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date. Local Rule 9006-1(c)(ii) further

provides that objections, if any, to such a motion shall be no later than seven (7) days before the hearing date. *See* Del. Bankr. L.R. 9006-1(c)(i), (ii). Moreover, Bankruptcy Rule 2002 provides that motions relating to the proposed use, sale or lease of property of the estate be filed at least twenty-one (21) days' prior to a hearing on such motions.

9. Local Rule 9006-1(e), however, provides that a motion may be heard on less notice than as otherwise required if authorized "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Indeed, as stated in Bankruptcy Code section 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

10. While the Debtors continue in their efforts to sell their assets on a going concern basis, the Debtors need to immediately commence the Inventory Sales in order to minimize the continued costs of operations and to maximize value for the Inventory. Based upon the Budget attached to the Interim Cash Collateral Order (defined below), the current projected "burn rate" of cash is approximately $540,000 per week for payroll, lease payments, and other costs of operations. In addition, the occurrence of extreme heat could result in mold or other harm to the stored grain and the new season of crop yields that will soon come to market may cause a decrease in market prices.

11. Furthermore, the Court's approval of the Inventory Sale Motion is an express condition of the *Interim Order (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, 503 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief* [Docket No. 47] (the "**Interim Cash Collateral Order**").[3] Specifically, the Interim Cash Collateral Order requires, *inter alia*, that the Debtors obtain Court approval of the Inventory Sale Motion on or prior to August 2, 2021 (the "**Inventory Sale Milestone**"). *See* Interim Cash Collateral Order, ¶ 12(ii)(c). Accordingly, the Debtors respectfully request expedited consideration of the Inventory Sale Motion on the timeframe requested herein.

12. The failure to obtain prompt approval of the Motion will result in non-compliance with the Inventory Sale Milestone, which would jeopardize the Debtors' ability to use cash collateral and fund the Chapter 11 Cases. Without the use of cash collateral, the Debtors will be unable to continue operating their businesses, proceed with their sale efforts or preserve value for the estates. This would certainly be a harmful outcome for all parties in interest in these cases. To avoid such drastic and irreparable results, and to ensure that maximum value can be obtained for the Inventory for the benefit of all creditors and parties in interest, prompt approval of the Motion is thus needed.

13. Given the gravity of the circumstances facing the Debtors and the consequences of failing to act quickly, the Debtors submit that any prejudice to parties in interest that may result from this Court hearing the Motion on an expedited basis is greatly outweighed by the harm that would be incurred by the Debtors if they could not obtain prompt approval of the

---

[3] For the avoidance of doubt, the Debtors intend to seek final approval of the use of cash collateral at a hearing scheduled for August 11, 2021.

Motion. The Debtors will also serve the Motion via expedited mail to afford parties in interest with as much notice of the Hearing and the Proposed Objection Deadline as possible.

14.     Accordingly, for the foregoing reasons, the Debtors respectfully request that the Court consider the Motion on an expedited basis at the Hearing.

## Notice

15.     Notice of this Motion to Expedite shall be given to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' 20 largest unsecured creditors on a consolidated basis; (iii) counsel to Coöperatieve Rabobank U.A., New York Branch; (iv) counsel for Compeer Financial, PCA, counsel for Compeer Financial, FLCA, and Farm Credit Canada; (v) United States Attorney for the District of Delaware; (vi) the United States Attorney for District of Minnesota; (vii) the Minnesota Department of Agriculture; (viii) the Internal Revenue Service; (ix) the Office of the Attorney General for Minnesota, North Dakota and Iowa; (x) Farm Credit Canada; (xi) any other known lienholders; and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*(Remainder of page intentionally left blank)*

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested in the Motion for Expedited Consideration; (ii) considering the Inventory Sale Motion at the Hearing, with objections, if any, to be filed by the Proposed Objection Deadline; and (iii) granting such other further relief as is just and proper.

Dated: July 20, 2021 **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
Matthew P. Milana (DE Bar No. 6681)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19801
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com
matthew.milana@saul.com

-and-

Michael L. Gesas (admitted *pro hac vice*)
Barry A. Chatz (admitted *pro hac vice*)
David A. Golin (admitted *pro hac vice*)
Andrew J. Rudolph
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
michael.gesas@saul.com
barry.chatz@saul.com
david.golin@saul.com
andrew.rudolph@saul.com

*Proposed Counsel for Debtors and Debtors in Possession*