# **EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| PIPELINE FOODS, LLC, *et al.*[1] | ) |
| | ) Case No. 21-11002 (KBO) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

### DECLARATION OF MUKESH AGRAWAL IN SUPPORT OF EMERGENCY MOTION OF ECOPURE SPECIALTIES LIMITED FOR RELIEF FROM THE AUTOMATIC STAY

I, Mukesh Agrawal, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1. I am the Chief Financial Officer of LT Foods Americas, an affiliate of Ecopure Specialties Limited ("Ecopure"), and an authorized signatory for Ecopure.

2. I submit this declaration (the "Declaration") in support of the *Emergency Motion of Ecopure Specialties Limited for Relief from the Automatic Stay* (the "Motion"). The facts set forth herein are based upon my personal knowledge. If called to testify, I would testify competently about the facts set forth herein.

3. Ecopure is a Delhi, India based processor and distributor of organic products, including soybeans, soya meal, and rice, among other products.

4. Prior to July 8, 2021 (the "Petition Date"), Ecopure contracted with Pipeline Foods, LLC ("Pipeline") to sell Pipeline organic soybean and rice products, which Ecopure ships from India.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Pipeline Foods, LLC (5070); Pipeline Holdings, LLC (5754); Pipeline Foods Real Estate Holding Company, LLC (7057); Pipeline Foods, ULC (3762); Pipeline Foods Southern Cone S.R.L. (5978); and Pipeline Foods II, LLC (9653). The Debtors' mailing address is 6499 University Avenue NE, Suite 200, Fridley, MN 55432.

5. Each shipment of organic products to Pipeline is pursuant to a separate purchase contract (each, a "Purchase Contract," and together, the "Purchase Contracts").

6. The Purchase Contracts have Cash Against Documents terms, meaning that, upon arrival of each shipment at the relevant port, Pipeline is required to pay, in cash, for the shipment of products in order to receive the relevant bill of lading, and thus, for title to transfer.

7. Once Pipeline has the bill of lading for a particular shipment, it can retrieve the products from the carrier. Accordingly, until Pipeline remits payment in cash for the relevant shipment, Ecopure is not required to release documents of title, or, correspondingly, the products.

8. Each shipment pursuant to the Purchase Contracts consists of containers with metric tons of organic products.

9. Containers that are not timely retrieved from the port are subject to demurrage charges as follows:

| Number of Days | Cost per Container per Day |
|---|---|
| 0-3 | Free |
| 3-8 | $130 |
| 8 or more | $180 |

10. On the Petition Date, Ecopure and Pipeline had seven active Purchase Contracts. True and accurate copies of the active Purchase Contracts are attached to the Motion as **Exhibit B**.

11. Because each Purchase Contract carries such a large volume of organic products, shipments frequently occur at varying intervals.

12. As of the Petition Date, the status of shipments pursuant to the Purchase Contracts varied between being delivered, paid and released, unpaid and in transit, and not yet shipped.



13. As of the Petition Date, roughly 79 containers had arrived at the relevant port, and had been paid for by Pipeline, but had not been retrieved (the "Paid Products").

14. As of July 17, 2021, 52 containers, valued at $1,327,997, had arrived at the relevant port, but had not been paid for by Pipeline (the "Arrived Unpaid Products").

15. Certain other containers (91 in number) were in transit (the "Products in Transit") and will continue to arrive at the relevant ports. Additional organic products will soon be shipped.

16. As a result of the Paid Products and the Arrived Unpaid Products having arrived at the relevant port, substantial amounts of demurrage charges are accruing on a daily basis.

17. Together, the Paid Products and the Arrived Unpaid Products are incurring *daily* demurrage charges of *$23,580*.

18. As the Products in Transit arrive, they too will begin incurring demurrage charges. Accordingly, the demurrage charges are certain to increase exponentially over the upcoming weeks, to Ecopure's detriment.

19. Additionally, the price of the organic products fluctuates frequently, such that the potential for resale changes on a daily basis. Ecopure's ability to recoup its damages thus necessitates that it be able to act swiftly to execute resales.

20. Ecopure has been advised by its logistics providers and regulatory advisors that Pipeline's assistance is required to transfer bills of lading, organic certifications, and other documentation in the event of termination of the Purchase Contracts.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 21, 2021

                                                            Mukesh Agrawal