# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PIPELINE FOODS, LLC,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 21-11002 (KBO)<br><br>Re: D.I. 1169, 1178, 1182, 1186, 1195 |

**SUPPLEMENTAL ORDER SUSTAINING THE LIQUIDATING TRUSTEE'S NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS – (I) MODIFIED AMOUNT CLAIMS; (II) MODIFIED AMOUNT AND CLASSIFICATION CLAIMS; AND (III) NO LIABILITY CLAIMS**

Upon the *Liquidating Trustee's Ninth Omnibus (Substantive) Objection to Claims – (I) Modified Amount Claims; (ii) Modified Amount and Classification Claims; and (III) No Liability Claims* [D.I. 1169] (the "Objection"), to certain proofs of claim (the "Disputed Claims") filed by the claimants (the "Claimants") as more fully set forth in the Objection; and this Court having reviewed the Objection and the Manty Declaration filed in support of the Objection; and the Liquidating Trustee having advised the Court of certain informal responses to the Objection in connection with certain claims (the "Pending Claims") [D.I. 1182]; and this Court having entered an order [D.I, 1186] (the "Initial Order") expunging or otherwise modifying certain Disputed Claims, but not ruling on the Pending Claims; and this Court having determined that the relief requested in the Objection is in the best interests of the Debtor, its estate, creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon this supplemental order (the "Supplemental Order") modifying the treatment of certain of the Disputed Claims set forth in the Objection and as described herein; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

*of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Objection and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon all of the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Objection is sustained as set forth herein.

2. The Initial Order is hereby supplemented and amended as set forth herein.

3. The Objection with respect to Claim No. 287 (the "PHM Brands Claim") is settled by agreement of the Liquidating Trustee and PHM Brands. The PHM Brands Claim shall be increased to $957,862.70 and allowed as a general unsecured claim.

4. The Objection with respect to Claim No. 243 (the "Rogers Foods Claim") is settled by agreement of the Liquidating Trustee and Rogers Foods Ltd. The Rogers Foods Claim shall be reduced to $464,366.61 and allowed as a general unsecured claim.

5. The Liquidating Trustee is authorized and directed to modify the Claims Register for these Chapter 11 Cases in accordance with the terms of this Supplemental Order.

6. Any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each Disputed Claim.

7. This Supplemental Order is without prejudice to the rights of the Liquidating Trustee to: (a) object to any claims on grounds other than as stated in the Objection if any such

claim is reconsidered; (b) object, on any grounds permitted by law or equity, to any claim, whether filed or not, in these cases.

8. The rights of the Liquidating Trustee to use any available defenses under section 502 of the Bankruptcy Code, including the assertion of a preference action to set off against or otherwise reduce all or part of any claim, are preserved.

9. Any stay of this Supplemental Order pending appeal by any claimant shall only apply to the contested matter that involves the claimant's specific claim and shall not stay the applicability and/or finality of this Supplemental Order with respect to all other affected claims.

10. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the requirements of Local Rule 3007-1 are waived.

11. The Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising form or related to the implementation and interpretation of this Supplemental Order.

Dated: October 24th, 2023  
Wilmington, Delaware

KAREN B. OWENS  
UNITED STATES BANKRUPTCY JUDGE